**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30172 |
| Plaintiff-Appellee, | D.C. No. 2:06-cr-02056-EFS |
| v. | |
| FERNANDO RUIZ-GUZMAN, a.k.a. Gerardo Torres Ruiz-Guzman, a.k.a. Gerardo Torres-Guzman, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted July 11, 2017**

Before:    CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Fernando Ruiz-Guzman appeals from the district court's judgment and

challenges the 19-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ruiz-Guzman contends that his sentence is substantively unreasonable in light of the 41-month sentence he received for the criminal offense underlying the revocation and other mitigating factors. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence, which was ordered to run consecutively to the 41-month sentence, is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Ruiz-Guzman's criminal history. *See* U.S.S.G. § 7B1.3(f) (term of imprisonment imposed upon the revocation of supervised release shall run consecutively to sentence defendant is already serving); *United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007) ("[T]he violator should be punished both for breaching the court's trust *and* for the new criminal conduct, as each act is separately and distinctly offensive."). Contrary to Ruiz-Guzman's contention, the court's discussion of his criminal history was proper, *see* 18 U.S.C. §§ 3553(a)(1), 3583(e), and did not reflect any reliance on unadmitted conduct.

**AFFIRMED.**